IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LAJEANA BULLINGTON                                                              PLAINTIFF

VS.                                         CIVIL NO. 13-2127

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff, LaJeana Bullington, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**Procedural Background**

The application for SSI now before this Court was filed on September 30, 2009, alleging disability beginning June 1, 2006, due to back problems, carpal tunnel, heart problems, manic depressive bipolar, severe depression, female problems, cysts on ovaries and endometriosis. (Tr. 14, 169.) An administrative hearing was held on July 27, 2010 in front of Administrative Law Judge ("ALJ") Glenn Neel. (Tr.42.) Plaintiff was present and represented by counsel. (Tr. 42). The ALJ also heard testimony from Vocational Expert ("VE") Monty Lumpkin. (Tr. 42.)

At the time of the administrative hearing, Plaintiff was twenty-seven years old and possessed

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

a tenth- grade education. She testified that she never obtained a GED, but had completed a CNA (certified nursing assistant) training course in 2003. (Tr. 46. ) Plaintiff had no past relevant work. (Tr. 22.)

On September 30, 2010, the ALJ concluded that Plaintiff suffered from the following severe impairments: "chronic back pain, essential hypertension, bilateral carpal tunnel syndrome status post surgery, morbid obesity, major mood disorder, post-traumatic stress disorder, a personality disorder, and polysubstance dependence." (Tr. 16.) The ALJ found that Plaintiff maintained the residual functional capacity to perform sedentary work except "she cannot perform frequent rapid repetitive flexion/extension of the wrists bilaterally or perform sustained driving as part of work duties. She can occasionally climb ramps/stairs and occasionally bend, balance, stoop, kneel, crouch and crawl. She cannot climb scaffolds, ladders, or ropes or work near unprotected heights or dangerous equipments and machines. From a mental standpoint, she is able to perform repetitive routine work with superficial contact incidental to work with public and co-workers. Such work has non-complex simple instructions which are learned by rote with few variables and require little judgment and supervision is concrete, directed, and specific. (Tr. 18.)

With the assistance of the VE, the ALJ determined that the Plaintiff could perform such representative occupations as production assembly worker, with examples of a lamp shade assembler, a shoe buckler and lacer, and a compact assembler. The VE also testified that she could also work as an addresser. (Tr. 23.)

Plaintiff requested a review by the Appeals Council on October 11, 2010. (Tr. 6-10.) Based on a letter dated October 22, 2011 from Plaintiff's attorney, it appears that the Agency did not have record of this request or some medical records that had been submitted. (Tr. 6.) The Appeals Council

2

declined review on April 3, 2013. (Tr. 1.) Plaintiff then filed this action. (ECF No. 1.) ) The Plaintiff and Defendant have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 12, 16.).

**Discussion**

This court's review function is extremely limited. The court must determine whether the record as a whole contains substantial evidence to support the Commissioner's decision, taking into account whatever in the record fairly detracts from its weight. 42 U.S.C. § 405(g); *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir.1989); *see also, Baugus v. Secretary of Health and Human Services,* 717 F.2d 443, 445 (8th Cir.1983); *McMillian v. Schweiker,* 697 F.2d 215, 220 (8th Cir. 1983). The court must accept the agency's factual determinations and reasonable inferences drawn from them if the record provides substantial evidence to support the findings and inferences. *Russell v. Secretary of H.E.W.,* 540 F.2d 353, 355 (8th Cir.1976). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

There is a distinction between "substantial evidence" and "substantial evidence on the record as a whole."

> "Substantial evidence" is merely such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." "Substantial evidence on the record as a whole," however, requires a more scrutinizing analysis. In the review of an administrative decision, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." Thus, the court must also take into consideration the weight of the evidence in the record and applying a balancing test to evidence which is contradictory.

*Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989).

This Court is unable to conduct the review of the record which the above cited authority

requires because crucial medical documentation is missing from the official transcript. Specifically, the MRI data for Plaintiff's spine, taken in 2003 and 2005 at Summit Medical Center is missing. This MRI data is used by the ALJ to discredit Plaintiff's subjective allegations. (Tr. 19.) It is further referenced by the Plaintiff in a prehearing memorandum and in her brief, and by Dr. Silver in a medical source statement. (Tr. 252, 640; ECF No. 12.)

It is impossible for this Court to determine if substantial evidence supports the Commissioner's decision since the transcript does not contain all of "the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). Until the entire record, including the MRI evidence for Plaintiff's spine, is gathered and filed, the court does not have the ability to enter a proper judgment on the merits of this case.

The undersigned declines to remand this matter for several reasons. To remand this matter pursuant to sentence four, as opposed to sentence six, would be inappropriate in light of the prejudicial effect such remand would have on the Plaintiff's right of redress before this court.

The United States Court of Appeals for the Eighth Circuit has held:

Section 405(g), which governs judicial review of final decisions made by the Commissioner, authorizes only two types of remand orders: (1) those made pursuant to sentence four, and (2) those made pursuant to sentence six. *See Melkonyan v. Sullivan,* 501 U.S. 89, 98-99, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991)*; Hafner v. Sullivan,* 972 F.2d 249, 250-51 (8th Cir.1992). **Sentence four, by its terms, authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A sentence four remand is therefore proper whenever the district court makes a substantive ruling regarding the correctness of a decision of the Commissioner and remands the case in accordance with such a ruling. See *Melkonyan,* 501 U.S. at 98, 111 S.Ct. 2157.**

**Sentence six, in contrast, authorizes a remand in only two limited situations: (1) where the Commissioner requests a remand before answering the complaint of a claimant seeking reversal of an administrative ruling, or (2) where new and material evidence is adduced that was for good cause not presented during the**

4

> **administrative proceedings**. *See* 42 U.S.C. § 405(g)*; Shalala v. Schaefer,* 509 U.S. 292, 297 n. 2, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *Woolf v. Shalala,* 3 F.3d 1210, 1215 (8th Cir.1993). The first of these situations distinguishes a sentence six remand from a sentence four remand based on timing, while the second situation does so based on substance. *See Sullivan v. Finkelstein,* 496 U.S. 617, 626, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990) (noting that sentence six authorizes an "entirely different kind of remand" than sentence four). This substantive distinction insures that a remand pursuant to the second part of sentence six concerns only new and material evidence and "does not rule in any way as to the correctness of the administrative proceeding," as does a sentence four remand. *Melkonyan,* 501 U.S. at 98, 111 S.Ct. 2157*; see Finkelstein,* 496 U.S. at 626, 110 S.Ct. 2658.

*Buckner v. Apfel,* 213 F.3d 1006, 1010 (8th Cir.2000) (emphasis supplied).

The statute provides, in its pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. §405(g).

The standard language contained in Appeals Council's letters, advising plaintiffs of the action taken on a Request for Review, advises that it will be presumed the letter is received within five (5) days after the date shown on the letter, unless a reasonable showing to the contrary is made. Potentially, if the matter was remanded pursuant to sentence four, without direction to Defendant to supplement the record and issue a new decision, any subsequent effort by Plaintiff to commence a new civil action seeking judicial review of the denial of benefits would be barred.

A sentence six remand would also be inappropriate in light of the filing of the Defendant's Answer and the absence of any new evidence submitted to this Court. (ECF No. 11.)

The court has been unable to find any clear statutory direction for such a circumstance as this, where remand would technically not fit the definition/requirements of sentence six, and where, if

done pursuant to sentence four, it would ultimately result in the Plaintiff being time-barred from seeking judicial review, once the record has been supplemented.

Defendant is directed to supplement or reconstruct the missing portion of the transcript, within a reasonable period of time, **not to exceed 60 days**. This matter will be administratively terminated pending the submission of the transcript of the entire record by the Defendant. In the event the Defendant is unable to produce a *certified* transcript containing all of the medical data relied upon for the decision, the Defendant **must notify the court of the reasons for her inability to supplement the record by means of filing an appropriate motion or notice.**

**Conclusion**

The United States District Court Clerk is directed to administratively terminate this matter, to allow the Defendant a reasonable period of time to locate or reconstruct the missing portion of the administrative record. Should the Defendant be unable to supplement the record as directed, within the time constraints set forth in the court's Order so directing, the court will then entertain an appropriate motion to remand.

DATED this 3rd day of July 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE