IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LAJEANA BULLINGTON                                                          PLAINTIFF

v.                                CIVIL NO. 13-2127

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                              DEFENDANT

### MEMORANDUM OPINION

LaJeana Bullington ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. The Defendant filed an answer to Plaintiff's action on August 12, 2013, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. ECF No. 11.

On July 11, 2014, the Commissioner, having changed positions, filed a motion requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. ECF Nos. 19. Specifically, the Commissioner requests that remand be granted to allow the ALJ to incorporate the 2003 and 2005 MRI reports in the certified electronic record, obtain any additional evidence, reassess Plaintiff's RFC, and obtain supplemental vocational evidence to determine whether other jobs exist in the national economy that will accommodate Plaintiff's limitations.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, we find remand for the purpose of the ALJ to further evaluate the evidence as addressed above, appropriate. Therefore, we recommend that the Commissioner's motion to remand be **GRANTED** and the case remanded to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 16th day of July 2014.

                                                          */s/ J. Marschewski*
                                                    HON. JAMES R. MARSCHEWSKI
                                                    CHIEF UNITED STATES MAGISTRATE JUDGE